Dear President Hines:
Your request for an Attorney General's opinion regarding police jury reapportionment has been forwarded to me for research and reply.
According to your letter, Reverend Charles Guillory instituted legal action against the Avoyelles Parish School Board (Civil Action CV-03-0285-A). You stated that the United States District Court for the Western District of Louisiana directed the parties to redraw its election districts requiring new lockouts for existing precincts, and to create three school board election districts having a significant enough population for the minority population to elect a "candidate of its choice."
You asked, specifically:
 1) What differences in State law must a police jury government follow in reapportionment/redistricting versus a school board?
 2) Are there any time limitations that a police jury must avoid in the conduct of crating a new reapportionment/redistricting plan?
 3) Are there any other State laws pertaining to precincts and reapportionment/redistricting plans and changes that the Avoyelles Parish Police Jury should be cognizant of prior to adjusting its election districts similarly to the Avoyelles Parish School Board compromise plan?
This office previously rendered La. Atty. Gen. Op. No. 92-669, which addressed this exact issue, but from the School Board perspective.
In Opinion No. 92-669, the Superintendent of the Cameron Parish School Board stated that the Cameron Parish Police Jury reapportioned their election districts and received preclearance of their plan from the Justice Department. He further stated that the new districts resulted in extreme population differences which adversely affected three incumbent school board members in Cameron Parish. The school board questioned the legality and the constitutionality of the reapportionment plan of the police jury and requested an opinion as to any effect this would have on the school board reapportionment.
The opinion pointed out that La. R.S. 17:71.3 provides for the procedure for each parish and city school board to accomplish reapportionment of their election districts, which shall be "for the purpose only of electing school board members". The law requires that the school board election districts be compact and contiguous but specifically states that they need not "be coterminous with the wards that may be created by any governing authority".
The opinion concluded by stating that the police jury election districts should not have any affect on the school board election districts.
The reverse would hold true here. School Boards are reapportioned by a unique statute which has no bearing on any governmental authority, which included Police Juries.
Based on the foregoing, it is the opinion of this office that the compromise plan for the Avoyelles Parish School Board is unique to that entity because of statute and the specific court order. This will have no effect on police jury reapportionment/redistricting.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
Respectfully submitted,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________ WILLIAM P. BRYAN, III Assistant Attorney General
CCF, Jr./WPB, III